UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Bently A. Jameson


    v.                                                   Civil No. 09-cv-237-JD

Michael J. Astrue, Commissioner
Social Security Administration


**REPORT AND RECOMMENDATION**


      Plaintiff Bently Jameson appeals a partially favorable decision by the Social Security Administration ("SSA") awarding him disability insurance benefits effective May 17, 2008, the day before his 50th birthday.  His appeal seeks further review of the onset date, which plaintiff asserts should have been found to have been March 8, 2006.  Plaintiff contends the administrative law judge's ("ALJ") determination that he retained the residual functional capacity ("RFC") to do sedentary work before May 17, 2008 was erroneous.  After answering the complaint, defendant filed the current motion before the court to reverse the decision and remand the case for further review.  Document no. 10. Although plaintiff sought reversal of the May 17, 2008 disability onset date, he objects to defendant's motion for remand to the

extent it seeks to have the entire decision reviewed, rather than just the onset date determination. Document no. 11. For the reasons set forth below, I recommend that the matter be remanded for further consideration of just the disputed time period from March 8, 2006 to May 17, 2008.

## Discussion

Defendant has moved for a remand under sentence four of 42 U.S.C. § 405(g), which provides:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

Id. (2003). Defendant concedes that the ALJ failed to adequately consider a residual functional capacity evaluation ("FCE") which plaintiff filed in support of his application for benefits. The parties agree that the matter should be remanded because of the erroneous assessment of plaintiff's RFC, but they disagree about the scope of review on remand. The sole issue before the court is what the scope of review on remand should be.

Defendant argues that a remand under sentence 4 opens the entire case up for reconsideration, citing 20 C.F.R. § 404.983 &

405.510[1]. Defendant relies on § 404.983 for the point that the ALJ may consider "any issues relating to your claim . . . whether or not they were raised in the administrative proceedings." See id. The use of the word "claim" rather than "case" or "action" is significant I think, because it indicates that only those claims being reviewed, not necessarily all the claims on which the disability application was based, are subject to a complete reassessment. So when, for example, only the claim that plaintiff's onset date was March 8, 2006 rather than May 17, 2008 is being reviewed, then all issues, but only those issues, related to a possible earlier onset date are fair game for reconsideration on remand.

The cases defendant cites in support of its argument that the entire case is subject to reconsideration are not persuasive. In Thompson v. Astrue, 583 F. Supp. 2d 472 (S.D.N.Y. 2008), the parties stipulated and agreed to remand the "action" to the SSA. See id. at 473. In such circumstances, the court held that the

---

[1]Defendant mistakenly cites the regulation as § 404.510, but the correct regulation is § 405.510. Section 405.510 does not discuss the scope of review other than to allow the review board to decide the claim based on evidence in the record or to remand the claim to an ALJ. Significantly, the regulation uses the word "claim" and not "case," suggesting specific issues may be reviewed without necessarily reviewing the entire file.

regulations clearly provide for a complete reassessment of the entire matter.  The court distinguished its holding from the well-settled proposition that "district courts have the power to limit the scope of remand by specifying the action to be taken by the ALJ."  See id. at 475 (citing Sullivan v. Hudson, 490 U.S. 877, 885 (1989)).  The Thompson court differentiated its facts from those cases where there were specific issues the court ordered the SSA to address.  See id. at 474-75 (citing cases).  The other two cases similarly involved parties seeking and the court ordering a complete review.  See Muse v. Sullivan, 925 F.3d 785, 789-90 (5th Cir. 1991) (vacating denial after new evidence showed mental disability and granting claimant's request to reopen the case before a new ALJ for reconsideration based on new evidence); see also Wiltz v. Comm'r, SSA, 412 F. Supp. 2d 601, 609-10 (E.D. Tex. 2005) (remanding for additional vocational evidence permitted new ALJ to reconsider RFC after Appeals Council vacated first decision).  These cases, which are not controlling, simply stand for the proposition that a remanded decision may be reviewed in its entirety, not that it must be, and that certain issues may be decided differently on remand than they were initially.

Defendant argues Seavey v. Barnhart, 276 F.3d 1 (1st Cir. 2001) instructs that "'sentence four does not contain any statutory limits on the ability to supplement the record,'" Def.'s Mot. at 4-5 (quoting Seavey, 276 F.3d at 14), and, therefore, there should be no restriction on the scope of review on remand. I do not read Seavey to propose such a broad rule. The issue in Seavey was, after an ALJ has erred, when should benefits awards be decided by the court and when should they be remanded back to the ALJ for further fact-finding and resolution. See id. at 4. The court explained that when the ALJ errs at Step 5, ordinarily the correct action is to reverse the decision and remand to the ALJ to resolve any conflicts in the evidence, and to award benefits only if the record clearly dictates just one result. See id. at 11, 13. In Seavey, where there was evidence of nonexertional limitations in addition to claimant's back pain, the question of whether or not jobs existed given that combination of impairments needed to be resolved before a benefits award could be determined. The court explained that because sentence four remands, unlike sentence six remands, have no statutory limits on supplementing the record, it was within the ALJ's discretion to allow whatever additional evidence was

necessary to resolve "the conflicting evidence of nonexertional impairments."  See id. at 13.  The matter was remanded to reconsider plaintiff's vocational base given those limitations, but, significantly, not to reopen the entire case.

Seavey does not deviate from the settled rule that courts certainly have the authority to limit the scope of review on remand.  As the Supreme Court explained over twenty years ago:

> Where a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed.  Often, complex legal issues are involved, including classification of the claimant's alleged disability or his or her prior work experience within the Secretary's guidelines or grids used for determining claimant disability.  Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review.

Sullivan v. Hudson, 490 U.S. 877, 885-886 (1989) (citations omitted).  Based on this directive, which continues to be followed, see e.g. MacLean v. Sec'y of HHS, 1994 WL 328792, *2 (D.N.H. July 7, 1994); Thompson, 583 F. Supp. 2d at 475 (citing cases); Moreira v. Comm'r of HHS, 2007 WL 4410043, *1 (E.D.N.Y.

6

Dec. 14, 2007) (same), the court has the authority to limit the scope of the remand sought here.[2]

Accordingly, I am persuaded by plaintiff's argument that he has the right to seek review of just his claimed onset date.  He asserts that defendant's motion is actually an attempt to get the disability determination reversed, and that only claimants are allowed to seek review of benefits decisions.  The regulations do provide that it is the claimant, not the government, who has the right to appeal unsatisfactory decisions.  See 20 C.F.R. § 404.955 (allowing affected persons to seek review of unfavorable decisions); id. § 404.908 (describing review process); id. § 404.901 (defining who can seek review).  This one-sided right to appeal is consistent with the Commissioner's role in the social security determination process and the nonadversarial nature of the proceedings.  See Seavey, 276 F.3d at 8 (discussing how the

---

[2]Defendant argues a limited review on remand is appropriate only after a court fully considers the merits of a claim.  See Def.'s Mot. at 4-5.  I do not see the law limiting the court's remand power in such a way.  The Sullivan court, which defendant cites to support this argument, describes the court as a "coparticipant" in the administrative process, "exercising ground-level discretion of the same order as that exercised by ALJs and the Appeals Council. . .." Sullivan, 490 U.S. at 885 (discussing requests to consider new evidence).  The remand power appears to be designed to effectuate fairly the finding of facts about a claimant's disability.  It does not appear to be limited by the point within the review process it is exercised.

Commissioner is not a "litigant" against the claimant but an investigator working with the claimant).

> It is the ALJ's duty to investigate and develop the facts and develop the arguments both for and against the granting of benefits. . . . While the agency may have already generated evidence and the ALJ may generate more – for example, by sending the applicant for a consultative exam or by calling a medical or vocational expert – these experts function as consultants in the adjudicative process, assisting the ALJ in determining what the outcome should be.

Id. (citing Sims v. Apfel, 530 U.S. 103, 110 (2000)).  The law is designed to ensure that the ALJ makes the right decision, not that the SSA defeats the claim.  See id. (explaining when the ALJ improperly determines an RFC, "that is an adjudicator making a mistake, not a party litigator failing to present evidence").[3]

Plaintiff seeks to have reviewed the ALJ's conclusion that he retained the RFC to do sedentary work between his alleged onset date of March 8, 2006 and the determined onset date of May 17, 2008.  Plaintiff cites Dr. Towle's RFC evaluation, the April 2007 FCE completed by plaintiff's physical therapist, which defendant concedes was overlooked, and plaintiff's need to

---

[3]The regulations defendant cites to demonstrate that full review by the ALJ is appropriate all deal with the process before a final decision has been rendered and, therefore, are inapposite to the court's power under § 405(g).  See Def.'s Mot. at 7.

alternate his sitting and standing positions, as evidence related to his ability to do sedentary work.  On remand, the impact of this evidence on plaintiff's RFC before May 17, 2008 should be reassessed.  In addition, any other issues related to plaintiff's RFC during the time period should be considered, including possible evidence from a vocational expert.

## Conclusion

For the reasons set forth above, I recommend that this matter be remanded for further consideration of plaintiff's RFC during the period from his alleged onset date of March 8, 2006, through the determined onset date of May 17, 2008.  Accordingly, I also recommend that defendant's motion to remand (document no. 10) be granted in part and denied in part, and that plaintiff's motion to reverse (document no. 9) be granted in part and denied in part, consistent with this report and recommendation.

Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauth. Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir.

1986).

                                                      _/s/ James R. Muirhead_
                                                     James R. Muirhead
                                                     United States Magistrate Judge

Date:    March 15, 2010

cc:     T. David Plourde, Esq.
        Francis M. Jackson, Esq.